Morris AUSTER, Petitioner,

v.

COMMODITY FUTURES TRADING COMMISSION, Phillip McB. Johnson, Chairman, David G. Gartner, James M. Stone, Susan M. Phillips and Kalo A. Hineman, Commissioners, Respondents.

No. 81–7798.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1982.

Decided Sept. 14, 1982.

William M. Phelan, Chicago, Ill., for petitioner.

David R. Merrill, Washington, D. C., for respondents.

Before GOODWIN and NELSON, Circuit Judges, and PRICE *, District Judge.

PER CURIAM.

Morris Auster seeks review of a Commodity Futures Trading Commission (CFTC) decision revoking his registration for willfully omitting material facts on his application for registration renewal. We affirm.

In 1978 Auster falsely completed the registration required by 7 U.S.C. § 6k(1). The registration form asked whether he had been sanctioned. He said, "no," when, in fact, he had been sanctioned by the Chicago Mercantile Exchange in 1977 for engaging in excessive trading on a customer's account

---

* The Honorable Edward Dean Price, United States District Judge for the Eastern District of California, sitting by designation.

for the purpose of earning commissions. Auster claims that the CFTC erred in finding that his false statement on the registration renewal form was willful and that it abused its discretion in ordering revocation of his registration. Both contentions are nonsense.

Title 7 U.S.C. § 9 prohibits applicants from willfully making a false or misleading statement of fact in a registration statement. To argue that his false statement was not willful because he believed that the CFTC already knew of the sanctions imposed on him is to argue that perjury is acceptable when the truth is otherwise known.

An act is willful when a person knows that information is false or deceptive. Knowledge exists "when one acts in careless disregard of whether his acts amount to cheating, filing false reports, etc." *Commodity Future Trading Commission v. Savage*, 611 F.2d 270, 283 (9th Cir. 1979). Petitioner knowingly and intentionally omitted a material fact on his application in violation of 7 U.S.C. § 9.

The claim that the CFTC abused its discretion in revoking his registration reflects a failure to read the Commodity Exchange Act. The statute expressly grants the CFTC power to revoke registration if a registrant willfully makes a false statement on a registration application. 7 U.S.C. § 9 and § 12a(3).

The CFTC's order is affirmed.